UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JOSHUA ROY WARD,<br><br>                      Petitioner,<br><br>     v.<br><br>NETHANJAH BREITENBACH, *et al.*,<br><br>                      Respondents. | Case No. 3:25-cv-00254-ART-CSD<br><br>ORDER |

      This action is a petition for writ of habeas corpus under 28 U.S.C. § 2254 by Joshua Roy Ward, an individual incarcerated at Nevada's Lovelock Correctional Center. On May 27, 2025, the Court received from Ward an Application to Proceed *in Forma Pauperis* (ECF No. 1) and a *pro se* Petition for Writ of Habeas Corpus (ECF No. 1-1). On May 29, 2025, the Court received a financial certificate regarding Ward's prison accounts. (ECF No. 4.)

      The information in the financial certificate shows that Ward is able to pay the $5 filing fee for this action. Therefore, the Court will deny Ward's *in forma pauperis* application and will require Ward to pay the filing fee. However, the Court will not set a deadline for payment of the filing fee until after appointed counsel appears for Ward.

      The Court has examined Ward's petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and determines that it merits service upon the respondents. The Court will order the petition served upon the respondents and will order the respondents to appear, but will not require any further action on the part of the respondents at this time.

      State prisoners not sentenced to death applying for habeas corpus relief in federal court are not entitled to appointed counsel unless the circumstances

1

1  indicate that appointed counsel is necessary to prevent due process violations. *See Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986) (citing *Kreiling v. Field*, 431 F.2d 638, 640 (9th Cir. 1970) (per curiam). The court may, however, appoint counsel at any stage of the proceedings if the interests of justice so require. 18 U.S.C. § 3006A; *see also* Rule 8(c), Rules Governing § 2254 Cases; *Chaney*, 801 F.2d at 1196. Ward's filings indicate that this action may be relatively complex, and that Ward may not be able to litigate it *pro se.* Ward has not filed a motion for appointment of counsel; however, the Court finds that the interests of justice call for appointment of counsel. Therefore, the Court will appoint the Federal Public Defender for the District of Nevada (FPD) to represent him. If Ward does not wish to have appointed counsel, he may file a motion for reconsideration of the appointment of counsel within 30 days of the entry of this order.

It is therefore ordered that Petitioner's Application to Proceed *in Forma Pauperis* (ECF No. 1) is denied. However, the requirement that Petitioner pay the filing fee is suspended. The Court will set a deadline for Petitioner to pay the filing fee after appointed counsel appears for him.

It is further ordered that the Clerk of the Court is directed to separately file the Petition for Writ of Habeas Corpus (ECF No. 1-1).

It is further ordered that the Federal Public Defender for the District of Nevada (FPD) is appointed to represent Petitioner. If the FPD is unable to represent Petitioner, because of a conflict of interest or for any other reason, alternate counsel will be appointed. In either case, counsel will represent Petitioner in all federal court proceedings relating to this matter, unless allowed to withdraw.

It is further ordered that, if Petitioner does not wish to have appointed counsel in this case, he may file a motion for reconsideration of the appointment within 30 days of the entry of this order.

1  It is further ordered that the Clerk of the Court is directed to electronically serve upon the FPD a copy of this order, together with a copy of the Petition for Writ of Habeas Corpus (ECF No. 1-1).

It is further ordered that the FPD will have 30 days from the date of this order to file a notice of appearance or to indicate to the Court its inability to represent Petitioner.

It is further ordered that the Clerk of the Court is directed to add Aaron Ford, Attorney General of the State of Nevada, as counsel for Respondents and to provide Respondents an electronic copy of all items previously filed in this case by regenerating the Notice of Electronic Filing to the office of the Attorney General only.

It is further ordered that Respondents will have 30 days from the date of this order to appear in this action. Respondents will not be required to respond to the habeas petition at this time.

DATED THIS 2nd day of June, 2025.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE

3