UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JOSHUA ROY WARD,<br><br>                      Petitioner,<br><br>v.<br><br>NETHANJAH BREITENBACH, *et al.*,<br><br>                     Respondents. | Case No. 3:25-cv-00254-ART-CSD<br><br>ORDER |

      In this habeas corpus action, Petitioner Joshua Roy Ward, represented by appointed counsel, filed a first amended petition for writ of habeas corpus on October 14, 2025. (ECF No. 12.) On that date, Ward also filed a motion for leave of court to file a second amended habeas petition. (ECF No. 14.) Ward explains that he filed the first amended petition before what he believes to be the date the applicable limitations period expired, but his counsel's review of the case and investigation is ongoing, and he wishes to file a second amended petition after further investigation and review of the case. Despite the rather routine nature of Ward's request (*see* ECF No. 20 at 5–8), Respondents filed an opposition on October 23 (ECF No. 15.) Ward filed a reply on October 30. (ECF No. 20.)

      Under Federal Rule of Civil Procedure 15(a)(2), a party may amend a pleading with leave of court, and "[t]he court should freely give leave when justice so requires." Courts are to apply the "policy of favoring amendments … with 'extreme liberality.'" *United States v. Webb,* 655 F. 2d 977, 979 (9th Cir. 1981), citing *Rosenberg Brothers & Co. v. Arnold,* 283 F.2d 406 (9th Cir. 1960) (per curiam). In deciding whether to grant leave to amend a pleading, a court may consider such factors as "bad faith, undue delay, prejudice to the opposing party, futility of the amendment, and whether the party has previously amended his

1

1  pleadings." *In re Morris*, 363 F.3d 891, 894 (9th Cir. 2004), quoting *Bonin v.*
2  *Calderon*, 59 F.3d 815, 845 (9th Cir.1995).

3  In their opposition to Ward's motion, Respondents argue that Ward fails
4  to provide specifics regarding his counsel's review of the case and investigation:
5  "what the ongoing investigation is, why the records/interviews are necessary to
6  file the second-amended petition, whether his current efforts relate to his existing
7  or potentially new claims, and when Ward anticipates filing the second-amended
8  petition." (ECF No. 15 at 2-3.) But—putting aside that much of the information
9  Respondents contend Ward should present would be privileged work product—
10 obviously, at this point Ward cannot know exactly where his counsel's review of
11 the case and investigation will lead.

12 Respondents characterize Ward's counsel's suggested review and
13 investigation of the case as discovery, and they contend that the Court should
14 not allow that discovery, at least at this time, because development of facts
15 beyond the factual development of the facts done in state court is limited by 28
16 U.S.C. § 2254(e)(2) and *Shinn v. Ramirez*, 596 U.S. 366 (2022). But what Ward
17 wishes to do here is not discovery; it is the review and investigation of the case
18 that a federal habeas petitioner's counsel is expected to do—and is arguably
19 ethically required to do—in every case. To the extent § 2254(e)(2) and *Ramirez*
20 might limit development of the facts or might affect the admissibility of evidence,
21 those arguments are premature. Those issues will better be addressed on a
22 motion for leave to conduct discovery, on a motion for evidentiary hearing, on a
23 motion to dismiss, in conjunction with the merits of Ward's claims, or otherwise,
24 after Ward has a fair opportunity for his counsel to adequately review and
25 investigate his case and amend his petition.

26 Respondents point to no bad faith or undue delay on Ward's part.
27 Respondents do not argue that they will be unfairly prejudiced if Ward is granted
28 leave to file a second amended petition. Respondents do not make any showing

1 that the requested amendment would be futile. The Court determines that granting Ward leave to file a second amended petition is in the interests of justice.

Ward asks the Court to waive application of Local Rule LR 15-1(a), which generally requires that a party moving to amend a pleading must attach the proposed amended pleading to the motion. Given the purpose of the amendment of the habeas petition in this case, that is, to give Ward the opportunity for his counsel to adequately review and investigate his case before amending his petition, application of LR 15-1(a) is plainly impracticable. The Court waives application of LR 15-1(a).

In granting Ward leave to file a second amended petition and setting a deadline for the second amended petition, the Court does not intend to make any comment upon, or affect in any manner, the operation of any applicable statute of limitations.

It is therefore ordered that Petitioner's Motion for Leave to File Second Amended Petition for Writ of Habeas Corpus (ECF No. 14) is granted. Petitioner will have 90 days from the entry of this order to file a second amended habeas petition. The requirement that Respondents respond to Petitioner's first amended habeas petition is vacated. Respondents' response to Petitioner's second amended petition, and further proceedings beyond that, will be governed by the scheduling order entered on July 16, 2025 (ECF No. 9).

DATED THIS 5th day of October 2025.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE